```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
- - - - - - - - - - - - - - - - - - X

MARISOL TORRES,

                Plaintiff,

                              ORDER

  - against -

                              CV 08-1238 (DLI)(MDG)

CITY OF NEW YORK, et al.,

                Defendant.

- - - - - - - - - - - - - - - - - - X

     By letter motion filed on January 27, 2010 (ct. doc. 33), defendants move for sanctions and to compel plaintiff to provide an executed release for the unsealing of all records pertaining to her arrest history.

## DISCUSSION

     On January 5, 2010, the defendants filed a motion to compel plaintiff to produce executed authorizations for the release of medical records pertaining to plaintiff's medical treatment at Parkside Rehab and Brookdale University Hospital and Medical Center. See ct. doc. 30. On January 13, 2010, plaintiff responded to the motion stating that "[t]he signed releases are in the mail to the defendants." See ct. doc. 32. By order dated January 14, 2010, relying on that representation, this Court denied the defendants' application as moot. On January 25, 2010, the defendants received copies of two signed authorizations dated

January 15, 2010 that were sent in an envelope postmarked on January 21, 2010. See ct. doc. 33 at 2 and Exhs. A, B. Counsel for the defendants, Karl Ashanti, then advised plaintiff's counsel that the medical authorizations were insufficient and requested that plaintiff produce original authorizations. See ct. doc. 33 at 2. The City seeks in its motion an order precluding plaintiff from introducing as evidence medical records from Parkside Rehab and Brookdale Hospital and an award for the costs incurred in drafting the instant motion.

In response, counsel for plaintiff, Uwem Umoh, explains that he represented to the Court that the medical authorizations were "in the mail" on January 13, 2010 in the expectation that they would be mailed since his client was scheduled to come to his office later that day to sign the medical authorizations. See ct. doc. 35 at 1. However, plaintiff did not come to Mr. Umoh's office until January 15, 2010 and then signed medical authorizations on paper that was already used on one side. Id. and Exh. A. Rather than send the original medical authorizations with printing on the other side of the page, plaintiff's counsel made copies of the authorizations and had the copies notarized. See ct. doc. 35 at 1. After Mr. Ashanti called Mr. Umoh to complain about the copies of the original authorizations, Mr. Umoh had the originals hand delivered to Mr. Ashanti's office on January 26, 2009. Id.

The defendants move for a preclusion order and costs pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. Although Rule 37(b) authorizes the sanctions that a court may impose for failure to comply with an order to provide discovery, the preclusion of evidence is a "harsh remed[y]" that "should be imposed only in rare situations." Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988). I find that Rule 37(b) does not apply under these circumstances because the defendants have not identified a court order with which plaintiff failed to comply. The defendants argue that "[b]y Order dated November 17, 2009, plaintiff was instructed by the Court to cooperate in defendants' efforts to obtain plaintiff's outstanding medical documentation." See ct. doc. 33 at 2. In fact, the Court's minute entry dated November 17, 2009 merely stated that a settlement conference would be held after defendants collected additional medical records. See minute entry dated November 17, 2009. Although plaintiff was expected to cooperate with the City in obtaining plaintiff's medical records, I cannot conclude on this record that plaintiff's conduct violated this Court's November 17, 2009 order.

In the absence of an order to provide discovery, Rule 37(a)(5) provides for sanctions for the failure to provide discovery if a motion to compel is granted or discovery is provided after the filing of a motion to compel. Fed. R. Civ. P.

37(a)(5)(A). Here, it is undisputed that Mr. Umoh hand delivered medical authorizations to Mr. Ashanti's office on January 26, 2010, one day before Mr. Ashanti filed the instant motion. Thus, sanctions under Rule 37 are inappropriate.

Although Rule 37(a)(5)(A) may have been applicable with respect to defendants' first motion to compel, (ct. doc. 30), defendants did not seek sanctions with respect to that motion. Nevertheless, this Court is constrained to note that Mr. Umoh's representation to the Court that the authorizations were "in the mail" was, at best, misleading since the authorizations were not executed until two days later, and at worst, untrue since Mr. Umoh filed his January 13, 2010 letter at 7:46 P.M according to the electronic case filing receipt. Moreover, Mr. Umoh fails to explain why the authorizations were not mailed until three business days after they were executed by his client or why the authorizations were not produced weeks earlier in light of the discussion at the November 17, 2009 conference. Under Rule 26.5 of the Local Civil Rules of the Eastern District of New York, the parties are obligated to cooperate with each other in all phases of the discovery process. Plaintiff is warned that further delays in providing discovery and promptly responding to efforts to resolve a discovery dispute will result in the imposition of sanctions.

As to the City's motion to compel plaintiff to provide a

release to unseal records pertaining to her arrest history, there is no indication that counsel for the parties have attempted to confer in good faith in an effort to resolve the dispute as required by Local Civil Rule 37.3. However, since plaintiff "has no objection to producing her entire arrest record," the defendants' motion to compel is granted. See ct. doc. 35 at 2. Counsel for the defendants must provide plaintiff's counsel with appropriate release forms by March 2, 2010 and the plaintiff must return the executed originals to the defendants by March 16, 2010.

## CONCLUSION

For the foregoing reasons, the defendants' motion for sanctions is denied and the defendants' motion to compel is granted.

**SO ORDERED.**

Dated: Brooklyn, New York
       February 23, 2010

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE
